This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38078**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**JOSEPH MICHAEL REBELLO,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his conviction for receiving or transferring a stolen motor vehicle. [MIO 1] On appeal, Defendant asserts evidentiary error and challenges the sufficiency of the evidence offered at trial. [MIO 1, 3] This Court issued a notice of proposed summary disposition proposing to affirm that conviction, and Defendant has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}** Defendant's docketing statement asserted that testimony from two witnesses constituted hearsay and violated his right to confront the witnesses against him. [DS 4-5, 6] One of those witnesses testified that someone other than herself reported a truck as being stolen. [DS 5] Our notice pointed out that Defendant had not identified any specific out-of-court statement related to that testimony, and that in any event some other witness making a report to the police that a vehicle had been stolen does not constitute a testimonial statement of the type required to trigger the right of confrontation. As the memorandum in opposition to affirmance does not identify any such statement or otherwise respond to the notice's suggestion, we deem the issue abandoned.

**{3}** The other hearsay issue raised in Defendant's docketing statement involved a police officer who was permitted to testify at trial that she checked the vehicle identification number (VIN) of the truck in order to verify that it had been reported stolen. [DS 4] In response to our proposal that this statement was not offered to prove the truth of the matter asserted, Defendant points out the possibility that the ability to offer out-of-court statements for purposes other than establishing the truth of the matter asserted may be susceptible to abuse. [MIO 1-2]

**{4}** With regard to the VIN check in this case, Defendant asserts that it "helped the judge and jury conclude that the truck had been stolen, i.e. taken without the permission of its registered owner." [MIO 2] Defendant offers no other reason to believe that the district court abused its discretion in receiving evidence as non-hearsay because it was offered to prove something other than that the truck was stolen. [Id.] Thus, even granting that the State may sometimes tender such evidence in an attempt to taint the jury with otherwise inadmissible information, we are not persuaded that any such abuse occurred here.

**{5}** With regard to Defendant's challenge to the sufficiency of the evidence, our notice proposed "that the testimony of someone in lawful possession of a truck that the truck was stolen from a parking lot is sufficient to support a reasonable inference that the truck was, indeed, stolen." [CN 6] Defendant's memorandum in opposition does not address that proposition, but instead merely reasserts the possibility that the truck's owner had given him permission to have the truck. [MIO 3] We note, however, that the same witness also described contacting the truck's owner to tell her it was gone, and that the owner's response was to file a report with the police. [DS 4-5] That testimony supports a finding that Defendant did not have permission to have the truck.

**{6}** For the reasons stated here and in our notice of proposed summary disposition, we affirm the judgment of the district court.

**{7}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**